Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 29th, 2019**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 2:18-bk-20467 |
| GREGORY ALLEN ANDERSON, JR. and STEPHANIE ANN ANDERSON, | CHAPTER 7 |
| Debtors. | |
| | JUDGE FRANK W. VOLK |
| TAMMY BROWN, | ADVERSARY PROCEEDING NO. 2:18-ap-2022 |
| Plaintiff, | |
| v. | |
| GREGORY ALLEN ANDERSON, JR. and STEPHANIE ANN ANDERSON, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS

Pending are two Motions to Dismiss filed by the Defendants.  The first is the Andersons' Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") [Dckt.  4], and the second is Stephanie Ann Anderson's Motion to Dismiss (the "SAA Motion to Dismiss") [Dckt. 5].  Both motions were filed on January 4, 2019.  Plaintiff Tammy Brown submitted her Responses to both of the Motions to Dismiss on January 25, 2019 [Dckt.  nos. 9 & 10].  The Andersons filed a Reply regarding the Motion to Dismiss on February 1, 2019 [Dckt.  13], but did not submit a Reply particular to the SAA Motion to Dismiss.  This matter is ready for adjudication.

**I.**

Ms. Brown initiated this adversary proceeding with a complaint filed November 15, 2018.  Summons was issued for the Andersons on November 16, 2018, and their counsel was served with the complaint on December 18, 2018.  The return of service was filed January 7, 2019. The Andersons filed their Answer, the Motion to Dismiss, and the SAA Motion to Dismiss on January 4, 2019 [Dckt.  nos. 3 – 5].

In her complaint, Ms. Brown asserts that she entered into a home improvement contract with the Andersons on approximately August 18, 2015.  The Andersons commenced work but subsequently abandoned the project in an unsafe manner.  The Andersons refused Ms. Brown's request to cancel the contract. They never completed the home improvements, nor did they return Ms. Brown's payments.

Ms. Brown asserts the goods and services provided by the Andersons were unsuitable for the purposes intended, did not conform to the express and implied warranties, and did not meet the terms of the contract.  Ms. Brown further states that the Andersons committed "a variety of unlawful, negligent, unfair, unconscionable, fraudulent, deceptive, reckless, and willful actions."  [Dckt. 1, ¶ 2].  The complaint further alleges an entitlement to damages and equitable relief pursuant to the West Virginia Consumer Credit and Protection Act ("WVCCPA"), the Uniform Commercial Code ("UCC"), and applicable state common-law claims.

Specifically, Ms. Brown asserts claims for (1) breach of express warranties (Count One); (2) breach of implied warranty of merchantability (Count Two); (3) breach of duty of good faith (Count Three); (4) common-law fraud and misrepresentation (Count Four); (5) negligence (Count Five); (6) unfair or deceptive acts or practices (Count Six); and (7) breach of contract (Count Seven).  Ms. Brown also appears to assert offensive issue preclusion applies, given she

refers to a Judgment Order and Settlement Agreement & Release (together, the "JOSAR") entered in a civil action she filed against the Andersons in Kanawha Circuit Court in April 2016. Ms. Brown and Ms. Anderson mediated in 2017, which resulted in a settlement agreement memorialized in the JOSAR, a one-paragraph judgment to which no judicial signature is affixed. The putatively mediated portion of Ms. Brown's civil case against Mr. Anderson is still pending.

Ms. Brown requests that her claims against the Andersons be declared nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

The basis for the Andersons joint dismissal argument is that none of Ms. Brown's claims qualify for nondischargeability under 11 U.S.C. § 523. The Motion to Dismiss centers on Mr. Brown seeking state law relief while "wholly fail[ing] to seek relief under the law governing this case . . . ." [Dckt. 4, p. 2].

In the SAA Motion to Dismiss, Ms. Anderson asserts additional grounds for dismissal. She contends the JOSAR does not qualify as a basis for preclusion inasmuch as it is a non-judicially sanctioned contractual agreement between the parties.

In her Response to the Motion to Dismiss and the SAA Motion to Dismiss, Ms. Brown adds little of substance.

The Andersons' Reply raises new arguments for the first time. The Court thus has no occasion to consider them. *See*, *e.g.*, *Moseley v. Branker*, 550 F.3d 312, 325 n.7 (4th Cir. 2008) ("As a general rule, arguments not specifically raised and addressed in opening brief, but raised for the first time in reply, are deemed waived."); *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 745 n.4 (S.D.W. Va. 2014) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered.").

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).  Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  Thus, the motion to dismiss must be filed before any answer to the complaint is filed.  Additionally, and as an aside, any answer must be filed within thirty days of the issuance of the summons, except for situations wherein that timeline is enlarged by the court.  Fed. R. Civ. P. 12(a).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).  Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558.  It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted).  Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir.

2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

From a procedural standpoint, the Andersons have defaulted. The Answer was filed on January 4, 2019, more than two weeks beyond the December 17, 2018, deadline.  Inamsuch as Ms. Brown has not seasonably moved for entry of default, however, the Court sets aside any default that may have otherwise arisen. *See* Fed. R. Civ. P. 55(a).

In any event, from a substantive standpoint, it appears that Ms. Brown has minimally met her burden under Federal Rule of Civil Procedure 12(b)(6), in that she has pled "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly,

**IT IS ORDERED** that the Andersons' Motion to Dismiss [Dckt. 4] be, and is hereby, **DENIED.**

**IT IS FURTHER ORDERED** that the SAA Motion to Dismiss [Dckt. 5] be, and is hereby, **DENIED.**